Judgment of the court of common pleas discharging the attachment will be affirmed.

*M. W. Conway,* for plaintiff in error.

*McCartin & Schultz,* for defendant in error.

## REMOVAL OF EXECUTOR.

[Circuit Court of Lorain County.]

IN THE MATTER OF THE ESTATE OF JUSTIN BRECKINRIDGE, DECEASED.

Decided, October 6, 1905.

*Executors and Administrators—Removal of, Under Section 6017—Findings Necessary—Where the Gist of the Charge is Fraud.*

In a proceeding for the removal of an executor, based upon a motion filed under Section 6017 and the gist of the charge being fraud, it is error to grant an order of removal where no attempt has been made to show fraud.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error was begun by W. B. Durand, as executor of the will of Justin Breckenridge, to reverse the judgment of the Lorain County Court of Common Pleas, removing said executor.

The litigation originated in the probate court of this county, where Jacob C. Breckinridge, son and residuary legatee of the deceased, filed a motion May 16, 1904, under favor of Revised Statutes, Section 6017, for the executor's removal. The motion was overruled by the probate judge, but, on appeal to the common pleas court it was granted, and a finding of facts and law was made, showing among other things that Justin Breckinridge died testate August 12, 1874, leaving, besides the son aforesaid, two daughters, Eleanor S., wife of H. H. Hitchcock, and Hannah Durand, wife of the executor. The executor's final account was filed January 24, 1879, and duly approved, but he has never been discharged.

The testator had been a man of considerable property; but shortly before his death he sold his farm to his daughter, Eleanor Hitchcock, for $10,000, taking back ten mortgage notes for $1,000 each, signed by her and her husband, and payable at intervals of one or two years from 1871 to 1883.

The original motion charged that the executor not only "refused to take possession of" these notes and other personal property of the estate, but that he confederated and connived with his brother-in-law, Hitchcock, and their wives "to defraud said estate of said property."

These charges, it is claimed, suffice to bring the case within the purview of said Section 6017, which provides that—

"The probate court may, at any time, remove an executor, for that, there are unsettled claims, or demands, existing between him and the estate, which in the opinion of the court may be the subject of controversy or litigation, between him and the estate, or persons interested therein; or for any other cause, which, in the opinion of the court, renders it for the interest of the estate that such executor be removed."

In the hearing before the court below the executor offered to show that the property in dispute had been fully disposed of by the decedent in his lifetime; but this evidence was excluded.

The executor also asked the court to find whether such disposition had in fact been made, but the court refused to make such finding.

The court, however, did find that, although there is no evidence of any fraud by the executor, there are "unsettled claims and demands existing between said W. B. Durand and said estate, which, in the opinion of the court, may be and probably will be the subject of controversy and litigation between said W. B. Durand and said estate or persons interested therein."

It will be observed that the motion does not charge the executor with having converted to his own use any property of the estate. On the contrary it alleges that he failed to take possession of and recover the same, and that this was fraudulently done in connivance with other persons. But the court below expressly found that there was no evidence of any fraud by the executor. We fail to see, therefore, how the motion could

be sustained.   The gist of the only ground urged for the executor's removal is fraud, and no attempt was made to show fraud.

It is urged, however, that the statute under consideration is remedial in its nature and should be liberally construed so that upon the mere suggestion of fraud, or, at least upon the proof of facts showing that there may arise a *bona fide* controversy or litigation of the sort contemplated by the statute, the executor may be removed and deprived of his vantage ground, and the issue litigated before a court and jury as an adversary action, in the same manner as other civil actions, and subject to the same rules of evidence.

We can not agree that the statute contemplates such an *ex parte* or summary proceeding for an executor's removal.

It must at least be made to appear that the claim made is on its face meritorious, and the executor should be permitted to show, if he can, that it is without merit.   Any other construction would be harsh and oppressive.

We think the court below erred in excluding the evidence offered by the executor, and in concluding as a matter of law, upon the facts found, that there are unsettled claims and demands existing between said W. B. Durand and said estate, which may be the subject of controversy or litigation between said Durand and said estate or persons interested therein.

For these errors the judgment of the court of common pleas is reversed and the cause remanded for further proceedings.

*Leonard & Johnson,* for Jacob Breckinridge.

*C. A. Metcalf,* for the executor, W. B. Durand.